UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| TRUDIE MARIE GOODRICH, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 3:16-cv-00085 |
| DIVERSIFIED CONSULTANTS, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

COMPLAINT FOR RELIEF PURSUANT
TO THE FAIR DEBT COLLECTION PRACTICES ACT

NOW COMES the Plaintiff, TRUDIE MARIE GOODRICH ("Plaintiff"), by and through her attorneys, Consumer Law Partners, LLC ("CLP"), complaining of DIVERSIFIED CONSULTANTS, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), and the Indiana Deceptive Consumer Sales Act, I.C. 24-5-0.5 et seq. ("IDCSA") for Defendant's unlawful collection practices.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Indiana and all of the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

## PARTIES

4. Plaintiff is a 55 year old natural person, currently residing at 105 NE 11th Street, Washington, Indiana, which falls within the Southern District of Indiana.

5. Plaintiff is a "consumer" as defined by §1692a(3) of the FDCPA.

6. Defendant identifies itself as "a full service collection agency that can attribute its tremendous success to the training and long-term retention of telecom front line employees."[1] From its headquarters at 10550 Deerwood Park Boulevard, Suite 309, Jacksonville, Florida, Defendant is in the business of collecting consumer debts for others, including a debt allegedly owed by Plaintiff.

7. Defendant is a Florida corporation that is registered with the Indiana Secretary of State under identification number 2002080800605 and regularly collects consumer debts in Indiana.

8. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

9. On its website and correspondences, Defendant identifies itself as a debt collector and has been a member of the Association of Credit and Collection Professionals since 1994.[2]

## FACTS SUPPORTING CAUSES OF ACTION

---

[1] http://www.dcicollect.com/about/dci-about.html
[2] http://www.acainternational.org/memberdirectory.aspx

10. In early 2016, Plaintiff received at least one telephone call from Defendant dialed with the purpose of procuring payment on an outstanding DirectTV obligation ("subject consumer debt"). *See* attached Exhibit A is a true and correct copy of an affidavit signed by Plaintiff.

11. Not being familiar with the subject consumer debt or believing that she had any obligation to pay, Plaintiff contacted CLP regarding her rights. *See* Exhibit A.

12. On March 9, 2016, CLP faxed Defendant a correspondence requesting validation of the subject consumer debt. *See* attached Exhibit B is a true and correct copy of the correspondence sent to Defendant by CLP.

13. Defendant received the correspondence from CLP the same day that it was sent. *See* attached Exhibit C is a true and correct copy of receipt verification of the correspondence.

14. The correspondence that Defendant received included a provision which stated, "Also, pursuant to 15 U.S.C. §1692c(a)(2), CLP demands that your office immediately cease any and all direct contact with our Client. We also request that you relay the contents of this letter back to the original parties of interest. You are advised to direct **any and all** future contact and correspondences to our office." *See* Exhibit B.

15. The correspondence included a heading which stated, "***This correspondence pertains to any current or future accounts listed with your company and acts as a global request and representation notification***". *Id.*

16. Additionally, the correspondence included a paragraph which stated, "Our Client maintains their right to assert that no consent was ever given to automatically dial their telephone. However, in the event that your company believes that consent was given, this correspondence completely revokes any consent our Client *may* have given, whether express or implied. *Id.*

17. On June 7, 2016, following receipt of CLP's correspondence, Plaintiff received a telephone call from Defendant to her cellular phone seeking payment on the subject consumer debt. *See* attached Exhibit D is a true and correct copy of a screen shot from Plaintiff's cellular phone.

18. The telephone number that Defendant called Plaintiff from was (502) 890-8632. *See* Exhibit D.

19. Upon information and belief, Defendant placed the telephone call to Plaintiff with the assistance of predictive dialing technology.

20. Following the June 7, 2016 telephone call, Plaintiff recalled that she had spoken to CLP about Defendant. On June 9, 2016, Plaintiff called Defendant back to remind it that she was represented by CLP. *See* Exhibit A.

21. During the June 9, 2016, Plaintiff spoke to a female representative named Dolly Tadros ("Dolly"). Dolly informed Plaintiff that Defendant was acting as a debt collector and that the call was being recorded. *Id.*

22. Dolly stated that the balance of the subject consumer debt was $353.28. *Id.*

23. Plaintiff notified Dolly that she was represented by CLP and inquired into whether Defendant had knowledge of this. Dolly responded that Defendant was unaware of CLP's involvement, but that she would notate the account. *Id.*

24. After being notified that Plaintiff was represented by CLP, Dolly attempted to collect on the subject consumer debt asking, "Is this something you want to get resolved?" *Id.*

25. Realizing that Defendant would not stop contacting her despite a formal request from her attorneys, Plaintiff authorized CLP to bring the instant action.

26. Plaintiff has incurred costs and expenses consulting with CLP as a result of Defendant's collection actions.

27. Plaintiff has suffered economic loss as a result of Defendant's collection actions.

28. Plaintiff has been inconvenienced and harassed by Defendant's collection actions, subjecting her to the threat of concrete harm.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

29. Plaintiff repeats and realleges paragraphs 1 through 28 as though fully set forth herein.

30. The FDCPA limits a debt collector's ability to communicate with a consumer in certain circumstances. Specifically, a debt collector cannot communicate with a consumer in connection with the collection of any debt, "if the debt collector knows the consumer is represented by an attorney with respect to such debt, and has knowledge of, or can readily ascertain such attorney's name and address." 15 U.S.C. §1692c(a)(2).

31. Defendant violated 15 U.S.C. §§1692c(a)(2), d, and f through its debt collection actions when it continued to contact Plaintiff directly, despite actual knowledge that she was represented by an attorney. CLP specifically advised Defendant that it was representing Plaintiff in connection with the subject consumer debt. As evidenced by the fax confirmation, Defendant had actual knowledge that Plaintiff was represented by CLP.

32. As experienced and sophisticated debt collector, Defendant knows that it is required to cease direct contact with consumers that are represented by counsel. CLP's correspondence specifically referenced the very statute that the instant proceeding is being brought under. Rather than deal directly with Plaintiff's attorney, Defendant attempted to circumvent CLP's involvement and continue to collect on the subject consumer debt directly from unsophisticated

and downtrodden consumer. Even if Defendant were to assert that it did not receive the correspondence from CLP, Dolly still continued to engage in collection activity towards Plaintiff after being notified that she was represented by counsel during the June 9, 2016 telephone call.

33. The correspondence from CLP to Defendant was purposely worded to advise that it was globally representing Plaintiff in all matters related to Defendant. Plaintiff specifically contemplated that she would not be able to pay the subject consumer debt and did not want to deal with the anxiety of repeated collection activity. However, because of Defendant's actions, Plaintiff was subjected to additional communications without the assistance of CLP.

34. As plead in paragraphs 26 through 28, Plaintiff was harmed by Defendant's illegal collection actions.

WHEREFORE, Plaintiff, TRUDIE MARIE GOODRICH, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

35. Plaintiff repeats and realleges paragraphs 1 through 34 as though fully set forth herein.

36. The TCPA prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. 47 U.S.C. § 227(b)(1)(iii). The TCPA defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. § 227(a)(1).

37. Defendant used an ATDS in connection with its debt collection activity towards Plaintiff. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without her consent.

38. Plaintiff does not believe that she ever had any obligation on the subject consumer debt as she has never used the services of DirectTV. As such, she could have never given DirectTV or Defendant authorization to contact her with the assistance of an ATDS.

39. However, even if Defendant had somehow gained consent from Plaintiff, that consent was revoked by CLP's correspondence.

40. Pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violation of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, TRUDIE MARIE GOODRICH, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   b. Award Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

   c. Awarding Plaintiff costs and reasonable attorney fees; and

d.  Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE
### INDIANA DECEPTIVE CONSUMER SALES ACT

41. Plaintiff repeats and realleges paragraphs 1 through 40 as though fully set forth herein.

42. Defendant violated I.C. 24-5-0.5-3 (a) and (b)(19) by engaging in an unfair, abusive, and deceptive practice in its attempts to collect on the subject consumer debt.

43. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).

> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227." I.C. 24-5-0.5-3(b)(19).

44. Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

45. Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

46. Defendant's attempts to collect on the subject consumer debt are "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

47. Defendant engaged in unfair, abusive, and deceptive behavior in its transactions with Plaintiff. By violating the TCPA, Defendant engaged in illegal behavior in its attempts to collect on the subject consumer debt.

48. Defendant intended that Plaintiff rely on its illegal behavior in order to procure payment of the subject consumer debt.

49. The IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

50. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)."
> I.C. 24-5-0.5-4(a)(1)(2).

51. As pled in paragraphs 26 through 28, Plaintiff has suffered damages as a result of Defendant's unlawful collection practices.

52. Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, Plaintiff, TRUDIE MARIE GOODRICH, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a); and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: June 20, 2016                    Respectfully Submitted,

                                        s/ Nathan C. Volheim
                                        Nathan C. Volheim, Esq. #6302103
                                        David S. Klain, Esq. #66305

9

Counsel for Plaintiff
Admitted in the Southern District of Indiana
Consumer Law Partners, LLC
435 N. Michigan Ave., Suite 1609
Chicago, Illinois 60611
(267) 422-1000 (phone)
(267) 422-2000 (fax)
nate.v@consumerlawpartners.com
davidklain@aol.com

10